UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Brenda L. Brown, ) | Civil Action No.: 4:09-cv-01502-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Employment Security Commission ) | |
| (Bennettsville, S.C.), and Employment ) | |
| Security Commission (Columbia, S.C.), ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter comes before the court with the [Docket Entry #11] Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III.[1]

Plaintiff, proceeding *pro se*, is currently a resident of Bennettsville, South Carolina. She has brought suit against two offices of the South Carolina Employment Security Commission seeking relief stemming from the denial of certain benefits. In his Report, the Magistrate Judge recommended the case be summarily dismissed without prejudice.

**<u>Standard of Review</u>**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the

---

[1] This matter was automatically referred to Magistrate Judge Rogers pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.).

recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the untimely filing of objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The district court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id*. Moreover, in the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## Discussion

Plaintiff's [Docket Entry #13] Objections to the Report and Recommendation were untimely filed. The objections were due by September 11, 2009. Plaintiff filed her objections three (3) days later, on September 14, 2009. Because her objections were untimely filed, she waived her right to *de novo* review by this court.

Nevertheless, the court has reviewed Plaintiff's objections and the applicable law. Upon such review, the court agrees with the Magistrate Judge's recommendation that the case be summarily dismissed without prejudice. Plaintiff is suing the South Carolina Employment Security Commission, which is an agency of the State of South Carolina.[2] The Eleventh Amendment divests this court of jurisdiction to entertain suits against the State of South Carolina

---

[2] *See McEachern v. S.C. Employment Sec. Comm'n*, 635 S.E.2d 644 (S.C. Ct. App. 2006); and *Gibson v. Florence Country Club*, 318 S.E.2d 365, 367 (S.C. 1984) (stating that "[c]learly, the Employment Security Commission is an agency within the meaning of S.C. Code Ann. § 1-23-310(1) of the APA . . . .").

or its integral parts, and therefore the South Carolina Employment Security Commission is immune from Plaintiff's suit.[3] Moreover, in her objections, Plaintiff fails to address this finding.

**Conclusion**

For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Plaintiff's objections and adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. This case is hereby **DISMISSED** *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

October 29, 2009
Florence, South Carolina

---

[3] "[F]or over a century now, [the Supreme Court of the United States has] made clear that the Constitution does not provide for federal jurisdiction over suits against nonconsenting States." *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000); *see also Fed. Maritime Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743 (2002).